Lownsberry and Tylee *against* Bullard.

*December*, 1824.

THE Chief Justice delivered the opinion of the majority of the Court.

In this case a transcript of the Record was filed with the writ of Error at the return term. Diminution was then suggested, and a general certiorari awarded, in obedience to which a second transcript, materially differing from the first, has been sent up. The defendant in Error alleges that this last is not perfect, and now *moves* to amend it by the first.

According to the English practice, where the transcript of the Record is alleged to be defective, a suggestion of the particular defect is made ; the certiorari to the Court below is specific, requiring that part of the Record which is alleged to have been omitted in the first transcript, to be certified. The practice in this Court has heretofore been to send a general certiorari commanding the clerk of the Court below to send up a complete and perfect transcript of the Record. According to the English practice both returns are taken as one Record ; but according to the practice which has prevailed in this Court, both transcripts are

A second transcript being returned on general certiorari, the first or the second must be solely relied on, and one cannot be amended by the other; but on application of defendant in Error, a specific certiorari will be awarded.

DECEMBER, 1824. certified to be full and perfect. Consequently, if there is a

Lownsberry and
Tylee
v.
Bullard.

variance, one or the other must be false. If the last is true, the first is false, and can afford no aid to the last. It is the opinion of a majority of the Court that the motion must be overruled.

Judge *Crenshaw.*—I think that the correct practice is according to the doctrine contended for by the Counsel who made the motion. If it be suggested that there is diminution in the transcript first sent up, the omissions may be supplied by what is contained in the second transcript, and *vice versa.* But if matter in the second be repugnant to, or inconsistent with, matter in the first, the repugnant matter in the second ought to be rejected. As far as I have been able to examine the books of practice, this seems to be supported by the law as well as the reason of the case. I am of opinion that the motion ought to prevail.

After this motion had been overruled, the defendant in Error moved for a specific certiorari to bring up the Record of the judgment as entered in the Court below, which, after due consideration, was awarded. Judge *Crenshaw* dissenting.

*Mills* for defendant.

*Randall* for plaintiffs in Error.